UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

                              PRELIMINARY
                              ORDER OF FORFEITURE

                              04-CR-0563

   - against -

                              (Spatt, J.)

RALPH REGA,

           Defendant.

- - - - - - - - - - - - - - - - - X

       WHEREAS, in the above-captioned Superseding Indictment (the "Superseding Indictment"), the United States of America sought forfeiture of certain property of the defendant RALPH REGA (the "Defendant"), pursuant to 21 U.S.C. § 853, as property that constitutes or is derived from proceeds the Defendant obtained, directly or indirectly, as a result of his violation of 21 U.S.C. § 846, and/or as property traceable thereto, and/or as substitute assets pursuant to 21 U.S.C. § 853(p); and

       WHEREAS, on April 8, 2005, the Defendant pled guilty to Count One of the above-captioned Superseding Indictment, charging a violation of 21 U.S.C. § 846, and agreed to the entry of an order forfeiting the sum of two hundred thousand dollars and no cents ($200,000.00) (the "Forfeiture Money Judgment"), pursuant to 21 U.S.C. § 853; and

       NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent of all parties, as follows:

1. The Defendant RALPH REGA agrees to forfeit all of his right, title and interest in the Forfeiture Money Judgment in the amount of two hundred thousand dollars and no cents ($200,000.00), pursuant to 21 U.S.C. § 853, as property which constitutes or is derived from proceeds that the Defendant obtained as a result of a violation of 21 U.S.C. § 846, and/or is traceable to such property, and/or as substitute assets pursuant to 21 U.S.C. § 853(p).

2. Based upon the Defendant's plea, in satisfaction of the Forfeiture Money Judgment the Defendant shall: (i) immediately forfeit his right, title and interest in the cash bail in the sum of fifty thousand dollars and no cents ($50,000.00), deposited with the Clerk of the Court, provided that modified bail conditions are previously approved by the Office and the Court; (ii) within ninety (90) days of the date of the entry of the Defendant's plea, forfeit the sum of seventy-five thousand dollars and no cents ($75,000.00) derived from the sale of Laurvan Drugs Inc., presently on deposit in account number 822-5005989-65 at JP Morgan Chase Bank; and (iii) within one hundred eighty (180) days from the date of the entry of the Defendant's plea, forfeit the sum of seventy-five thousand dollars and no cents ($75,000.00), derived from the net proceeds of the sale of the real property and premises known as 9½ Seaway

Drive, Copaigue, New York titled to Ralph J. Rega, (collectively referred to as the "Forfeited Funds").

3. The Defendant hereby agrees not to assert any claim or assist any other person to assert any claim to the Forfeited Funds in any administrative or judicial proceeding, waives his right to any required notice concerning the forfeiture, waives his right, if any, to trial by jury of the forfeiture allegation, and waives any and all defenses to the forfeiture described in this Order, including, but not limited to, defenses based on double jeopardy, *ex post facto* application of any applicable statute, and applicable statute of limitations, or the Excessive Fines Clause of the Eight Amendment.

4. Upon entry of this Order, the United States Attorney General or designee is authorized to seize the Forfeited Funds and to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States Marshals Service shall publish notice of this Order, in accordance with the custom and practice in this district, in a newspaper of general circulation and of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or his designee may direct.

6. Any person, other than the Defendant, asserting a legal interest in the forfeited property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

7. The United States shall have clear title to the Forfeited Assets identified above following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

8. Pursuant to the Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

9. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order.

10. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order of Forfeiture to Assistant United States Attorney Richard T. Lunger, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722.

Dated: Central Islip, New York
       May 10, 2005

_____
HONORABLE ARTHUR D. SPATT
UNITED STATES DISTRICT JUDGE